**FILED**

FEB 19 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVON DAVIES,<br><br>    Plaintiff,<br><br>v.<br><br>M. DELAVEGA, et al.,<br><br>    Defendants. | No. C 13-05893 EJD (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a California inmate at the Solano State Prison ("SSP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against SSP medical officials. His motion for leave to proceed in forma pauperis, (Docket No. 5), will be granted in a separate order. For the reasons discussed below, this case is DISMISSED without prejudice for failure to exhaust administrative remedies.

## DISCUSSION

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Prisoners cannot avoid the administrative exhaustion requirement by requesting relief not available in the appeals system, such as monetary relief, or by simply declaring the process futile. The exhaustion requirement requires "proper exhaustion" of all available administrative remedies. Ngo, 548 U.S. at 93. Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The Court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.

    Here, Plaintiff indicated on the complaint that "the grievance procedure cannot provide constitutionally adequate and timely process under these circumstances." (Compl. at 2.) In other words, he is claiming futility which does not excuse exhaustion. See Ngo, 548 U.S. at 93. Plaintiff has failed to show that he even attempted to exhaust the claims through the proper channels. Plaintiff must comply with the PLRA's requirement of "proper exhaustion" under Ngo: "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." 548 U.S. at 90-91 (footnote omitted). As it is clear that Plaintiff has not

"properly exhausted" his claims by pursuing all levels of administrative review available to him before filing the instant action, and there is no applicable exception to the exhaustion requirement, dismissal without prejudice is appropriate.

## CONCLUSION

For the foregoing reasons, this action is hereby DISMISSED, without prejudice to Plaintiff's refiling his claims after all available administrative remedies have been exhausted.

DATED: 2/19/14

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

AVON DAVIES,

        Plaintiff,

v.

M. DELAVEGA, et al.,

        Defendants.

Case Number: CV13-05893 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 02/19/14, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Avon Davies J-42775
Bldg 22-23/5
Solano State Prison
P.O. Box 4000
Vacaville, Ca 95696

Dated: 02/19/14

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk